*WHITE OAK COAL CO. v. KATHERINE RIVOUX, ADMRX.

**Whether Servant Was Acting Within Scope of His Employment a Question for the Jury in Action for Wrongful Death.**

Whether the driver of the automobile which struck and killed the intestate, was acting at the time of the accident within the scope of his employment, or outside thereof in a personal enterprise, is a question for the jury; hence, a judgment against the owner of the machine will not be reversed on the weight of the evidence, in view of the testimony of the driver that he was going on a personal errand at the time of the accident, where good reason is found in the record for disbelief of his evidence on the part of the jury.

ERROR to common pleas court.

The defendant in error recovered a judgment below for the death of her husband who was being struck, while standing on the sidewalk on Fourth Avenue, Cincinnati, by an automobile which left the street and mounted the sidewalk. The machine was being operated at the time of the accident by a young man in the employ of the White Oak Coal Co.

*Peck, Shaffer & Peck,* for plaintiff in error.
*Horstman & Horstman,* for defendant in error.

**JONES, J.**

The plaintiff below having shown that the automobile was the property of defendant and that Tribbey, the driver, was in defendant's employ, the burden was then placed upon defendant to show that at the time of accident Tribbey was acting outside the scope of his employment in a personal enterprise.

He testified that he was so acting and that he was inspecting the machine preparatory to going on a personal errand later in the day. Whether he was so engaged at the time was a question of fact properly left for determination to the jury. They were not bound to believe Tribbey's statement and evidently did

---

*Reversed, no op., **White Oak Coal Co. v. Rivoux**, 87 O. S. 000; 58 Bull. 181

Coal Co. v. Rivoux.

not. It was clearly shown that his evidence before the coroner was in conflict with his testimony at the trial, not only with reference to the circumstances of the accident but as to the nature of his employment and the duties devolving upon him.

In view of his conflicting statements the jury must have disregarded his testimony. The question as to whether he was manager at the time, or in a position of superiority, is immaterial and not entitled to the consideration given it by counsel in the discussion of the case.

We can not say that the verdict was manifestly against the weight of the evidence. After a careful reading of the record and the excellent briefs of counsel, we are of the opinion that the judgment should be affirmed. (Thompson, Negligence Secs. 613, 614, 615, 616). In Ohio the question is one for the jury. *Lima Ry.* v. *Little,* 67 Ohio St. 91.

**Smith** and **Swing, JJ.,** concur.